# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1817 HEA(LMB) |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Brian Moore for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is presently incarcerated at Crossroads Correctional Center in Cameron, Missouri pursuant to the sentence and judgment of the Circuit Court of Audrain County, Missouri. See Respt's Ex. A at 15-18. On May 15, 2007, petitioner pled guilty to twelve counts of first degree child molestation, one count of possession of under 35 grams of marijuana, and one count of possession of drug paraphernalia, and was sentenced to a total of sixty years imprisonment. See id.

On September 6, 2007, petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of Audrain County, Missouri, pursuant to Missouri Supreme Court Rule 24.035. See id. at 49-54. On November 27, 2007, after appointment of counsel, petitioner filed an Amended 24.035 Motion. See id. at 55-61. Petitioner argued that he was denied due process of law because no factual basis was established at his guilty plea hearing to support his convictions for

-1-

child molestation in the first degree on Counts I-XII. Id. On August 29, 2008, the motion court denied petitioner's motion for post-conviction relief in all respects without an evidentiary hearing. See id. at 62-66. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 68.

In his appeal from the denial of post-conviction relief, petitioner argued that the motion court erred in denying his motion because there was no adequate factual basis to support his guilty pleas in that there was no specificity that "sexual contact" as criminalized in the statute occurred on twelve occasions. See Resp't Ex. B. On May 12, 2009, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the motion court. See Resp't Ex. D.

On November 2, 2009, petitioner, pro se, filed a petition for a writ of habeas corpus. See Doc. No. 1. Petitioner argues that his guilty plea was invalid and the sentencing court's acceptance of it violated his due process rights because the circuit court did not adduce a proper factual basis for the plea. On January 5, 2010, respondent filed a Response to Court Order, in which he argues that petitioner's claim is not cognizable, and fails on its merits. (Doc. No. 8). Petitioner has filed a Reply. (Doc. No. 10).

## Discussion

**A.**     **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405, 120 S. Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410, 120 S. Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S. Ct. at 1522.

**B.    Petitioner's Claim**

Petitioner argues that his plea lacks a factual basis because there was no specificity that "sexual contact" as criminalized in the statute occurred on twelve occasions. Respondent contends that the requirement that a guilty plea have a factual basis is not a constitutional requirement, and that petitioner's claim is therefore not cognizable in a federal habeas proceeding. Additionally, respondent argues that petitioner's ground lacks merit because there was a factual basis for petitioner's plea and the state court's decision was reasonable.

At the plea hearing, the court asked petitioner whether he understood that, by pleading guilty, he was "admitting basically that on twelve separate occasions between November 1, 2005, and November 21, 2006...[he] subjected a minor child...to sexual contact and it will be on at least those twelve separate occasions?" Respt's Ex. A at 27. Petitioner responded that he understood. Id. The prosecutor then described the facts of the offenses as follows:

> Your Honor, the facts the State would show at trial are that on November 19th, 2006, a juvenile whose initials are A.M., date of birth of February first of 1999 who is seven years old, disclosed to her mother that her father, the defendant Brian Moore, had been forcing her to watch pornographic movies and then forcing sexual acts on her. She said that on numerous occasions he had performed sexual acts on her that included contact between her genitals and his genitals, his hands, his fingers.
> She was interviewed by the Rainbow House, disclosed similar details of the same sexual acts described. She reported that he used a green color lotion to lubricate himself before preforming the sexual acts on her.
> Mr. Moore was interviewed about the allegations, advised of his rights. He admitted that he had made this juvenile, who is his biological daughter whom he had visitation with at his house at least on a monthly basis over the course of the year from November 1st, 2005 through November 21st of 2006. He had made her watch pornographic movies and forced her to have sexual contact with him. What he admitted to is that he performed sexual acts including taking off her clothing, having her lay on the bed, lubricating his penis with lotion and proceeding to rub his penis with lotion and he would ejaculate, and he estimated that he had approximately twelve sexual contacts of this nature with the juvenile victim.

Respt's Ex. 1 at 29-30. Petitioner stated that he agreed with the facts as stated by the prosecutor. Id. at 30.

Petitioner raised this claim in his post-conviction relief motion and on appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows with regard to petitioner's claim:

> Here, the court had numerous facts before it that would support a factual basis for [petitioner]'s guilty pleas. First, the information charged [petitioner] with subjecting A.M., a child less than fourteen years of age, to sexual contact on twelve separate occasions. Second, the court explained the nature of the charges and confirmed that [petitioner] understood that by pleading guilty, he would have admitted the essential elements of the charges against him, specifically that he had engaged in sexual contact with A.M. on twelve separate occasions. Third, [petitioner] confirmed twice that he understood that he was pleading guilty to having engaged in sexual contact with A.M. on twelve separate occasions.

-4-

> Fourth, [petitioner] agreed with the prosecutor's statement that the state would show at trial that [petitioner]'s sexual contact with A.M. included contact between A.M.'s genitals and [petitioner]'s genitals, hands, and fingers, and involved [petitioner] taking off A.M.'s clothes, laying her on a bed, rubbing his penis with lotion and ejaculating, that [petitioner] admitted this conduct, and that [petitioner] "estimated that he had approximately twelve sexual contacts of this nature" with A.M. [Petitioner] also confirmed that he had enough time to discuss his case with his lawyer before his pleas.

Respt's Ex. D at 5.

When "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); accord Middleton v. Roper, 455 F.3d 838, 852 (8th Cir. 2006). In the absence of a claim of innocence, there is no federal constitutional requirement that a state defendant's guilty plea have a factual basis. Wabasha v. Solem, 694 F.2d 155, 157 (8th Cir. 1982) (absent a claim of innocence, the requirement that a guilty plea have a factual basis arises out of Federal Rule of Criminal Procedure 11 and not out of the constitution) (citing North Carolina v. Alford, 400 U.S. 25, 38 n.10 (1970)); cf. Cranford v. Lockhart, 975 F.2d 1347, 1349 (8th Cir. 1992) (per curiam) (rejecting, on the merits, a claim that no factual basis existed for a guilty plea entered by a petitioner who denied his guilt).

The record reveals that petitioner has not urged he was innocent of the charged offenses. Rather, during the plea proceeding, petitioner acknowledged that he was changing his plea from not guilty to guilty on the twelve charged offenses of child molestation, and agreed with the prosecutor's statements regarding the acts that occurred. Respt's Ex. A at 22-24, 29-30. Additionally, during the sentencing, petitioner stated, he "under[stood] this is a horrible crime that [he had] done," and that he "admitted to what [he] did." Id. at 37. At no point during those or subsequent proceedings has petitioner contended he was innocent of the charged offenses. This is not, therefore, a case in which

petitioner seeks analysis of the factual basis of a guilty plea in the context of a claim of innocence. Petitioner's ground for relief is not a cognizable claim for federal habeas relief.[1]

Even if the claim is cognizable,[2] the claim lacks merit. Petitioner was charged under Mo.Rev. Stat. § 566.067 (2000), which provides, "[a] person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." 'Sexual conduct' is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." Mo.Rev.Stat. § 566.010(3) (2000).

Petitioner's claim that there was no specificity that "sexual conduct" as criminalized by Section 566.067 occurred on twelve occasions lacks merit. The plea court read the twelve counts and petitioner responded "guilty" after each. Respt's Ex. A at 22-24. The court cautioned petitioner that he was "admitting basically that *on twelve separate occasions* between November 1, 2005, and November 21, 2006...[he] subjected a minor child...to sexual contact and it will be on at least *those twelve separate occasions*[.]" Id. at 27 (emphasis added). The prosecutor indicated that the State

---

[1] To the extent this ground for relief is an effort by petitioner to seek this court's review of the state appellate court's determination that the state plea court complied with Mo. S. Ct. R. 24.02(e), which requires that a state court "not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea," such a claim is not cognizable in a federal habeas proceeding. See Lee v. Norris, 354 F.3d 846, 847 (8th Cir. 2004) ("[A] mere violation of state law . . . is not cognizable in federal habeas"); McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996) ("[a] federal [habeas] court may not re-examine a state court's interpretation and application of state law'") (quoting Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994)).

[2] The United State Court of Appeals for the Eighth Circuit has addressed the merits of a claim that a guilty plea accepted in state court lacked a factual basis in federal habeas cases not clearly involving a petitioner's claim of innocence. See, e.g., Moore v. Armontrout, 928 F.2d 288, 292-93 (8th Cir. 1991) (addressing the merits of an argument that a "guilty plea to [a] tampering charge [was] unconstitutional because of an inadequate factual basis"); Travis v. Lockhart, 787 F.2d 409, 410 (8th Cir. 1986) (per curiam) (addressing the merits of a factual basis of a guilty plea claim as presenting an issue about the knowing and voluntary nature of the plea).

would show at trial that petitioner had contact with the victim's genitals and petitioner's genitals, hands, and fingers, and described the specific acts as including taking off the victim's clothing, having her lay on the bed, lubricating his penis with lotion, rubbing his penis with lotion, and ejaculating. Id. at 29-30. The prosecutor stated that this sexual conduct occurred on twelve occasions. Id. at 30. Petitioner testified that he agreed with these facts. Id.

The record reveals that the prosecutor set forth sufficient facts to establish that sexual contact occurred on twelve different occasions, and that petitioner understood he was pleading guilty to twelve separate counts of child molestation. To the extent petitioner's ground for relief is cognizable in this federal habeas proceeding, the state appellate court's affirmance of the state motion court's denial of petitioner's motion for post-conviction relief on this ground was a reasonable application of, and was not contrary to, clearly established federal law. Further, the state court decision is based on a reasonable determination of the facts in light of the evidence presented in the state court.

Thus, the undersigned recommends that petitioner's ground for relief be denied.

**C.**     **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Brian Moore for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Dated this 4th day of December, 2012.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE