UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:09CV1817 HEA |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Lewis M. Blanton that Brian Moore's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996.  When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13.  Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 409.

## Discussion

The Procedural History and Factual Background are set forth in the Report and Recommendation.  Petitioner does not object to the procedural background set forth in Judge Blanton's Report and Recommendation, rather, he objects to Judge Blanton's conclusions of law as applied to the facts as found by the state court.  This Court here notes the objections, however, are without merit.

Judge Blanton concluded that Petitioner's claim that there was an insufficient factual basis for his guilty plea was not cognizable under the habeas statute.  Petitioner objects, arguing that his plea was not entered into knowingly and voluntarily.  This objection, however, is belied by the record.  As Judge Blanton's Report and Recommendation details, the factual basis for the guilty plea, as presented by the prosecutor states that:

> Mr. Moore was interviewed about the allegations, advised of his rights.  He admitted that he had made this juvenile, who is his biological daughter whom he had visitation with at his house at least on a monthly basis over the course of the year from November 1st, 2005 thourhg November 21st of 2006.  He had made her watch

pornographic movies and forced her to have sexual contact with him. What he admitted to is that he performed sexual acts including taking off her clothing, having her lay on the bed, lubricating his penis with lotion and proceeding to rub his penis with lotion and he would ejaculate, and he estimated that he had approximately twelve sexual contacts of this nature with the juvenile victim.

The appellate court held that the court had numerous facts before it that would support a factual basis for the guilty pleas. The court explained the nature of the charges and confirmed that Petitioner understood that by pleading guilty, he would have admitted the essential elements of the charges against him, specifically that he had engaged in sexual contact with the juvenile on twelve separate occasions.

Petitioner now contends that he did not actually touch the juvenile, therefore, he did not have "sexual contact" with her. This argument does not rise to the level of a finding that Petitioner's guilty pleas were not knowing and voluntary. Clearly, at the time of the pleas, Petitioner admitted that he had sexual contact with the juvenile. Now, Petitioner is attempting to avoid his pleas by grasping onto the failure of the factual basis to specifically state he had touched his daughter.

At the time of the pleas, Petitioner heard the articulation of the factual basis for the charges. The prosecutor detailed the events and further stated on the record

that Petitioner had sexual contact with the victim on numerous occasions including the described actions. The court explained that Petitioner was pleading guilty to sexual contact with the victim. At no point did Petitioner argue that he did not have sexual contact with her. The record supports a finding that the pleas were indeed knowing and voluntary.

While the Court is required to review the record *de novo*, this review is limited in scope. This Court is not at liberty to substitute its rulings for those of the state court. The role and function of this court is narrowly limited. The standard by which the Court reviews the record on a habeas petition, as set forth above, is that relief may only be granted if the decision by the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In reviewing whether the State Court's decision involved an unreasonable application of clearly established federal law, the Court examines the ultimate legal conclusion reached by the Court, *id.* at 784, not simply the statement of reasons explaining the State Court's decision. *See Gill v. Mecusker,* 633 F.3d

1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland. Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. ––––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011). If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end. *Moore,* 131 S.Ct. at 744. *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

The Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of federal law.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court has reviewed the trial record, the Missouri court rulings, opinions and decisions. It has further reviewed all pleadings, motions and memoranda before it. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of

the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court, concluding its review under AEDPA, will adopt the Recommendation of Judge Blanton that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Brian Moore for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal

constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 16th day of July 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE